**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRADLEY TAYLOR<br>1044 Tristram Circle<br>Mantua, NJ 08051<br><br>Plaintiff,<br><br>v.<br><br>RDS VENDING, LLC<br>7500 Wheeler Street<br>Philadelphia, PA 19153<br><br>Defendant. | : | CIVIL NO. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Bradley Taylor ("Plaintiff"), by and through his undersigned attorneys, for his Complaint against RDS Vending, LLC ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant has violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 PA. C.S.A. § 951, *et seq*., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.,* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*

2. Plaintiff brings this action for monetary damages and penalties and to seek redress for Defendant's willful, unlawful, and improper conduct.

**PARTIES**

3. Plaintiff Bradley Taylor is a citizen of the United States and New Jersey, and currently maintains a residence at 1044 Tristram Circle, Mantua, NJ 08051.

4. Defendant RDS Vending, LLC is a for-profit company, that maintains a principal place of business located at 7500 Wheeler Street, Philadelphia, PA 19153.

**JURISDICTION AND VENUE**

5. On or about June 22, 2026 Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2026-07660. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated June 29, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

9. This is an action authorized and instituted pursuant to the ADEA and FLSA.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

**FACTS RELATED TO PLAINTIFF'S ADEA/PHRA CLAIMS**

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began his employment with Defendant on or about June 1, 2011 in the position of Assistant Manager.

15. Throughout the course of Plaintiff's employment with Defendant, Plaintiff performed his job well, received occasional praise for his work performance, and was subjected to no justifiable discipline.

16. Due to Plaintiff's exemplary job performance, he was promoted to Warehouse Manager in or around June 2022.

17. Plaintiff was hired by Defendant's former owner, Allen Simons ("Mr. Simons").

18. At the time of Plaintiff's termination (discussed herein), Plaintiff was sixty (60) years old and was the oldest employee working for Defendant at the time.

19. Indeed, Defendant's employees were mostly thirty (30) to forty (40) years of age and thus substantially younger than Plaintiff.

20. Defendant hired Jack Brown ("Mr. Brown") who was approximately twenty (20) years of age in or around 2025.

21. Mr. Brown was expected to take ownership of the company.

22. Plaintiff's termination from employment occurred on or about January 4, 2026.

23. Plaintiff was terminated by Mr. Brown, who stated that Plaintiff was allegedly "over by two (2) or three (3) days this past year on time off."

24. Additionally, Mr. Brown stated that the transition period for when Plaintiff went on vacation was "far from smooth" as Plaintiff's work was "pushed off to Dan (Dan Shields or "Mr. Shields.)"

25. Mr. Brown proceeded to falsely accuse Plaintiff of leaving "incomplete and disorganized" transition documents.

26. The alleged reasons as stated by Mr. Brown are not factually correct and are therefore pretextual.

27. In actuality, Plaintiff left Mr. Shields a detailed order sheet with each of Defendant's vendor's name, the name of the contact person, phone number and/or email, and references to folders where Mr. Shields could find the product list.

28. Plaintiff had left similar order sheets for Mr. Shields to order when he went on vacation in the past and they were never an issue.

29. Mr. Shields is a manager who was fully capable of placing orders on his own without any issues in the past.

30. When Plaintiff went on vacation on or about December 23, 2025, using his pre-approved PTO, he was not required to provide Mr. Shields with any formal training as he was another manager equipped to place orders without assistance.

31. Mr. Brown alleged that Mr. Shields had missed a cutoff deadline to place an order with a specific vendor, which thereby caused delays.

32. Mr. Brown incorrectly attributed Mr. Shields' failure to Plaintiff, which for the reasons stated above, is not factually accurate and is pretextual.

33. In light of the foregoing, Plaintiff believes and therefore avers he was actually terminated from his employment because of age, in violation of the ADEA and PHRA.

**FACTS RELATED TO PLAINTIFF'S FLSA, PMWA, and WPCL CLAIMS**

34. Paragraphs 1 through 33 are hereby incorporated by reference as though the same were fully set forth at length herein.

35. Plaintiff worked well over forty (40) hours per week for Defendant, but did not receive overtime compensation.

36. Despite the fact that Plaintiff worked significantly in excess of forty (40) hours per week, he did not receive any overtime compensation for overtime hours worked.

37. Plaintiff was not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a week.

38. Indeed, Plaintiff worked approximately sixty (60) hours or more per week.

39. Plaintiff's regular hours were typically from 4:00 am to 4:30 pm.

40. Plaintiff would also occasionally work on Sundays.

41. Plaintiff was misclassified by Defendant and is, in actuality, a non-exempt employee of Defendant within the meaning of the FLSA and PMWA.

42. Plaintiff's primary job responsibilities involved limited administrative functions of a largely clerical nature.

43. Plaintiff did not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies and standard operating procedures.

44. Instead, Plaintiff solely performed his job duties subject to specific instructions and/or guidelines provided by Defendant.

45. Plaintiff's primary job duties did not include the performance of work requiring advanced knowledge and the consistent exercise of discretion and judgment.

46. Plaintiff did not have the authority to commit Defendant in matters having significant financial impact, nor did he have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

47. Plaintiff did not have the authority to hire or fire other employees, nor did he make any suggestions or recommendations regarding hiring or employee status changes to which Defendant lent significant weight.

48. Plaintiff did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent from on or about July 1, 2025 to January 4, 2026.

49. On or about July 1, 2025, Defendant's Warehouseman, Chris, who Plaintiff used to supervise, separated from his employment.

50. When Chris' employment with Defendant ceased, Plaintiff no longer supervised two or more full-time employees and only supervised the work of one employee, Plaintiff's status thus was non-exempt from overtime compensation within the meaning of the FLSA/PWMA.

51. Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/PMWA.

52. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

53. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

54. There were no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

55. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant and therefore entitled to overtime compensation for all hours he worked over forty (40) in a workweek.

56. Additionally, Plaintiff was entitled to receive a manager bonus.

57. More specifically, Plaintiff was entitled to a 2% bonus which was based on Defendant's annual profit for the year.

58. Defendant failed to pay Plaintiff his full bonus.

59. Indeed, Plaintiff was partially paid $28,000.00 and was specifically promised to be paid the remainder in early January 2026.

60. However, when Mr. Brown terminated Plaintiff's employment, he also specifically revoked the remaining $28,000.00.

61. By way of background, Plaintiff was previously paid $40,388.69 in one lump-sum payment for his 2024 annual manager bonus.

62. Accordingly, the unpaid bonus constitutes wages under the WPCL which are due and owing.

63. Plaintiff earned the wages during his employment with Defendant and is entitled to recovery of the same.

64. In light of the foregoing, Plaintiff has suffered damages.

65. In light of the foregoing, Plaintiff believes and therefore avers that Defendant violated the FLSA, PWMA, and WPCL.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621, *et seq.***
**<u>DISCRIMINATION</u>**

66. Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

67. Defendant violated the ADEA in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination.

68. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

69. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

70. As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements and attorney's fees incurred in prosecuting this action;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 PA. C.S.A. § 951, *et seq*.**
**DISCRIMINATION**

71. Paragraphs 1 through 70 are hereby incorporated by reference as though the same were more fully set forth at length herein.

72. At all times relevant hereto, Plaintiff was an employee within the meaning of the PHRA.

73. Pursuant to the PHRA, Plaintiff was a qualified individual for his position.

74. Defendant terminated Plaintiff's employment because of his age.

75. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

76. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

77. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

78. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the PHRA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

**COUNT III**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

79. Paragraphs 1 through 78 are hereby incorporated by reference, as though the same were fully set forth at length herein.

80. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

81. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

82. Defendant misclassified Plaintiff within the meaning of the FLSA, thus failing to pay him overtime compensation for all hours worked over forty (40) in a workweek.

83. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

84. Defendant's actions are willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

85. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA Liquidated damages;

B. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for work performed in excess of forty (40) hours per week;

C. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D. Awarding Plaintiff liquidated damages in accordance with the FLSA;

E. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G. For all additional general and equitable relief to which Plaintiff may be entitled.

## COUNT IV
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

86. Paragraphs 1 through 85 are hereby incorporated by reference, as though the same were fully set forth at length herein.

87. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

88. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than on and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

89. By its actions alleged above, Defendant has violated the provisions of the PMWA by failing to properly pay overtime compensation to Plaintiff.

90. As a result of Defendant's unlawful acts, Plaintiffs has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT V**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***

**FAILURE TO PAY WAGES DUE AND OWING**

91. Paragraphs 1 through 90 are hereby incorporated by reference, as though the same were fully set forth at length herein.

92. Under the WPCL, "[a]ll wages…earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contact of employment." See 43 P.S. § 260.3(a).

93. Under the WPCL, "whenever an employer separates an employe [sic] from the payroll, or whenever an employe [sic] quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable." See 43 P.S. § 260.5(a).

94. No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement." 43 P.S. § 260.7.

95. Defendant failed to pay Plaintiff for compensable work performed with and for Defendant.

96. The aforementioned constitutes "wages" which are due and owing under the Pennsylvania WPCL.

97. Defendant violated the WPCL by failing to pay Plaintiff his earned wages.

98. Defendant willfully violated the WPCL by refusing to pay Plaintiff his wages, despite having no good faith basis for denying payment to Plaintiff for the work he performed.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully request that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff in an amount equal to his unpaid wages;

B. Liquidated damages of twenty-five percent (25%) under the WPCL;

C. An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esquire
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: September 24, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.